UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT LEE WAYNE WHITLOCK,

    Plaintiff,

    v.                                   CAUSE NO. 3:22-CV-786-JD-JEM

ORNELAS, et al.,

    Defendants.

## OPINION AND ORDER

Robert Lee Wayne Whitlock, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Whitlock alleges that, on September 26, 2021, he threw trash out of his cell, and it happened to hit Sgt. C. Geier. She yelled "I got you bitch" as she left the cell house.[1] ECF 1 at 3. A few minutes later Sgt. Ornelas approached Whitlock's cell. Sgt. Ornelas

---

[1] Whitlock makes no further allegations regarding Sgt. Geier. Standing alone, "[t]he use of derogatory language, while unprofessional and deplorable," is not serious enough to violate the Constitution. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409, 422 (7th Cir.), *cert. denied*, 141 S. Ct. 251, 208 L. Ed. 2d 24 (2020). Therefore, Whitlock will not be permitted to proceed against Sgt. Geier.

told Whitlock to come to the tray slot to talk to him. Once Whitlock placed his face in the tray slot as directed, Sgt. Ornelas sprayed Whitlock with O.C. spray. He also said, "You throw trash at her, you get sprayed bitch." *Id.* Sgt. Ornelas then sprayed Whitlock with a second and even stronger spray.

Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving Whitlock the benefit of the inferences to which he is entitled at this stage of the case, he states a plausible Eighth Amendment claim against Sgt. Orneles.

After he was sprayed, Whitlock was ordered to cuff up, and Lt. Beane and Officer Benjamin escorted him down the range. Whitlock begged for a decontamination shower, but he was taken to a table in the day room and told to sit. He was short of breath and dizzy, and his vision kept going black. He asked for medical care. He was told to "shut the fuck up and turn around," and that he "shouldn't have thrown trash at her." *Id.* at 4. Officer Benjamin then placed a hair net over Whitlock's face, which further restricted his breathing. Whitlock passed out. While he was passed out, Lt. Beane drug him by his handcuffs in a violent manner. When Whitlock came to, Lt. Beane and

2

Officer Benjamin were forcing Whitlock's into the stainless-steel table in the dayroom. Giving Whitlock the benefit of the inferences he is entitled to at this stage of the case, he may proceed against Lt. Beans and Officer Benjamin for using excessive force against him on September 26, 2021.

Nurse Ivers arrived to assess Whitlock following the encounter. Whitlock tried to explain his symptoms: extreme pain, shortness of breath, dizziness, and headache. Whitlock told Nurse Ivers that he had not yet had a decontamination shower. Lt. Beane told Nurse Ivers that "he deserves everything he is going to get." Nurse Ives indicated that Whitlock was "clear" and then left the area. ECF 1 at 5.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs,

3

he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Giving Whitlock the benefit of the inferences to which he is entitled at this stage of the case, he will be permitted to proceed against Nurse Ivers for deliberate indifference to his medical needs following exposure to O.C. spray on September 26, 2021.

After Nurse Ivers assessed Whitlock, Lt. Beane and Officer Benjamin escorted Whitlock back to his cell. Lt. Beane told Whitlock he was not going to get a shower. All the property had been removed from his cell except blankets and sheets covered in O.C. spray. The cell had not been cleaned.

Sgt. Orneles removed Whitlock's handcuffs and told him to strip naked. Whitlock was moving slowly because he was in pain. Sgt. Orneles said, "too slow" and sprayed Whitlock again with OC spray. Whitlock was told to cuff up and he was removed from his cell by two unknown officers. Whitlock will also be permitted to proceed against Sgt. Orneles for this additional instance of excessive force.

The unknown officers escorted Whitlock to the showers and placed his head under the water for 5-10 seconds. Whitlock told them it was not enough time. One of the unknown officers responded by telling Whitlock he should not have thrown the trash. Accepting Whitlock's allegations as true, as the court must at this stage of the case, these allegations state a claim against the unknown officer for cruel and unusual

punishment by denying Whitlock an adequate decontamination shower following exposure to O.C. spray.

Whitlock was taken to medical and placed in a waiting room, but he did not receive any medical care before being returned to his cell. He received no further decontamination, and the water to his sink was turned off for hours, so he could not use it to clean up either. He waited 48 hours to receive a shower. After his shower, he was returned to his cell, which still had not been cleaned. He remained in that cell without it being cleaned until October 16, 2021, when he was transferred to another facility. Whitlock does not link these allegations to any particular defendant, and he therefore cannot proceed on any claim related to these allegations.

Whitlock also names Officer B. Shupperd, Lt. D. Sowards, and Sgt. A. Gerlach as defendants. The body of the complaint, however, makes no mention of them. Because he has not included any factual allegations suggesting they violated his constitutional rights, these individuals will be dismissed.

For these reasons, the court:

(1) GRANTS Robert Lee Wayne Whitlock leave to proceed against Sgt. Ornelas, Lt. Beans, and Officer M. Benjamin in their individual capacities for monetary damages for using excessive force against Whitlock on September 26, 2021, in violation of the Eighth Amendment;

(2) GRANTS Robert Lee Wayne Whitlock leave to proceed against Correctional Officer John Doe, who provided an inadequate shower because he threw trash that hit Sgt. Geier on September 26, 2021, in his individual capacity for monetary damages for

using cruel and unusual punishment on September 26, 2021, in violation of the Eighth Amendment;

(3) GRANTS Robert Lee Wayne Whitlock leave to proceed against Nurse Ivers in her individual capacity for monetary damages for deliberate indifference to his serious medical needs on September 26, 2021, in violation of the Eighth Amendment;

(4) DIRECTS the clerk to add the Warden of the Miami Correctional Facility in his official capacity as a defendant only for the purpose of identifying the unknown officer;

(5) DISMISSES all other claims;

(6) DISMISSES Sgt. C. Geier, Officer B. Shupperd, Lt. D. Sowards, and Sgt. A. Gerlach;

(7) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sgt. Ornelas, Lt. Beans, Officer M. Benjamin, and the Warden of Miami Correctional Facility at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(8) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Ivers at Centurion Health of Indiana, LLC, with a copy of this order and the complaint (ECF 1);

(9) WAIVES the Warden of Miami Correctional Facility's obligation to file an answer to the complaint;

(10) ORDERS the Warden of Miami Correctional Facility to appear and identify the unknown officer who escorted Whitlock to the shower on September 26, 2021 by or before **September 1, 2023**, or show cause why he is unable to do so;

(11) GRANTS Robert Lee Wayne Whitlock until **September 25, 2023**, to amend his complaint to name the previously unknown correctional officer identified by the Warden of the Miami Correctional Office;

(12) ORDERS the Indiana Department of Correction and Centurion Health of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(13) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sgt. Ornelas, Lt. Beans, and Officer M. Benjamin, and Nurse Ivers to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 2, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT