UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT LEE WAYNE WHITLOCK,

    Plaintiff,

    v.

ORNELAS, et al.,

    Defendants.

CAUSE NO. 3:22-cv-786-JD-JEM

## OPINION AND ORDER

Robert Lee Wayne Whitlock, a prisoner without a lawyer, is proceeding in this case on three claims. First, he is proceeding "against Sgt. Ornelas, Lt. Beans, and Officer M. Benjamin in their individual capacities for monetary damages for using excessive force against Whitlock on September 26, 2021, in violation of the Eighth Amendment[.]" ECF 21 at 5. Second, he is proceeding "against Correctional Officer Shupperd and Correctional Officer Jameson, who provided an inadequate shower because he threw trash that hit Sgt. Geier on September 26, 2021, in their individual capacities for monetary damages for using cruel and unusual punishment on September 26, 2021, in violation of the Eighth Amendment[.]" *Id.* at 6. Third, he is proceeding "against Nurse Ivers in her individual capacity for monetary damages for deliberate indifference to his serious medical needs on September 26, 2021, in violation of the Eighth Amendment[.]" *Id.* On February 14, 2024, Nurse Ivers filed a motion for summary judgment arguing Whitlock did not exhaust his administrative remedies before filing this lawsuit. ECF 33.

On March 28, 2024, the state defendants filed a separate motion for summary judgment, also arguing Whitlock did not exhaust his administrative remedies. ECF 39. With both motions, the defendants provided Whitlock the notice required by N.D. Ind. L.R. 56-1(f). ECF 36, ECF 42. Attached to the notices were copies of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. The court extended Whitlock's deadline until June 17, 2024, but this deadline passed two weeks ago, and he still hasn't responded to either summary judgment motion. ECF 45. Therefore, the court will now rule on the defendants' summary judgment motions.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she

2

contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "Strict enforcement of [local rules] does not mean that a party's failure to submit a timely filing automatically results in summary judgment for the opposing party." *Wienco, Inc. v. Katahn Assoc., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992). Rather, that failure "causes all factual assertions alleged by the opposing party to be deemed admitted." *Id.*; *see also Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021) ("Rule 56 imposes an affirmative obligation on a movant that we cannot ignore merely because a nonmovant provides no responsive arguments.").

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *see also Chambers v. Sood*, 956 F.3d 979, 984-85 (7th Cir. 2020). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). However, inmates are only required to exhaust administrative remedies that are

3

"available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

    The parties provide evidence showing the following facts: On October 1, 2021, Whitlock submitted a grievance to his caseworker at Miami Correctional Facility ("MCF") complaining that various parties used excessive force against him and denied him medical care and a decontamination shower on September 26, 2021. ECF 18-1 at 2-3. On October 16, 2021, Whitlock was transferred from MCF to Wabash Valley Correctional Facility ("WVCF"). ECF 39-2 at 2. On December 14, 2021, Whitlock submitted a "Request for Interview" form to the "Grievance Office" stating he filed numerous grievances at MCF but hadn't received any response. ECF 39-5 at 1. On December 15, 2021, Whitlock submitted a new grievance at WVCF stating he filed grievances at MCF regarding an issue on September 26, 2021, but still hadn't received any response. ECF 39-6. This grievance indicates it was "scanned to MCF" on December 21. *Id.* On December 22, 2021, Whitlock sent a letter to the "Grievance Department" stating he still hadn't received any receipt or response to his October 1 grievance. ECF

4

18-1 at 5. This letter indicates it was "scanned to MCF" that same day. *Id.* There is no record MCF's grievance office ever responded to any of these written inquiries, and MCF's Grievance Specialist attests he has no record of ever receiving Whitlock's October 1 grievance. ECF 33-4 at 3.

Here, the undisputed evidence shows MCF's grievance office made Whitlock's administrative remedies unavailable by failing to issue any receipt or response for his October 1 grievance. Specifically, the Offender Grievance Process provides that, if an inmate submits a grievance and "does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." ECF 33-1 at 9. Whitlock complied with this requirement by submitting a "Request for Interview" form, a second grievance, and a letter to the Grievance Department notifying them of the lack of response to his October 1 grievance, but still he received no response. This left him without any further available remedies to exhaust.

In their summary judgment motion, the defendants argue that, even assuming Whitlock submitted his October 1 grievance and received no receipt or response from the grievance office, he still had available remedies he didn't exhaust because the grievance process required him to appeal his October 1 grievance as if it had been denied. ECF 34 at 6; ECF 40 at 6-10. However, the Offender Grievance Process only provides that, "If the offender receives no grievance response within twenty (20) business days *of the Offender*

5

*Grievance Specialist's receipt of the grievance*, the offender may appeal as though the grievance had been denied." ECF 33-1 at 12 (emphasis added). Here, because the Grievance Specialist never issued any receipt for Whitlock's October 1 grievance, there is no evidence the grievance process allowed Whitlock to appeal this grievance as if it had been denied.

Accordingly, because the undisputed facts show the grievance office made Whitlock's administrative remedies unavailable by failing to issue any receipt or response for his October 1 grievance and subsequent written inquiries, the defendants have not met their burden to show Whitlock had available administrative remedies he didn't exhaust. For these reasons, the defendants' motions for summary judgment (ECF 33, ECF 39) are DENIED.

SO ORDERED on July 9, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

6