UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT LEE WAYNE WHITLOCK,

   Plaintiff,

   v.

ORNELAS, M BENJAMIN, BEANE,

   Defendants.

Case No. 3:22-CV-786 JD

## OPINON AND ORDER

Plaintiff Robert Whitlock moved for appointment of counsel. He is being held at the Wabash Valley Correctional Facility. His trial against Defendants Sgt. Ornelas, Lt. Beane, and Officer Benjamin is set for April 20, 2026. Mr. Whitlock maintains that Defendants used excessive force against him on September 26, 2021.

There is no constitutional or statutory right to court-appointed counsel in federal civil litigation. *Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010) (citing *Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007)). Instead, a court has the discretion to appoint pro bono counsel under 28 U.S.C. § 1915(e)(1). *Pruitt*, 503 F.3d at 653. When confronted with a request under section 1915(e)(1) for pro bono counsel, the following inquiries must be made: 1) whether the indigent plaintiff has made a reasonable attempt to obtain counsel or has been effectively precluded from doing so; and, if so, 2) whether the plaintiff appears competent to litigate his case independently given the difficulty of his case. *Id.* at 654–55.

Mr. Whitlock has met the first prong of this analysis. Using a form for filing motions for assistance with recruiting counsel, Mr. Whitlock listed five law firms that he has contacted to request representation. (DE 133 at 2.) Given that Mr. Whitlock is imprisoned, and his means of

communication are therefore limited, his effort satisfies the Court, and this evidence is sufficient to establish that he has made a reasonable attempt to obtain counsel. *See Kassa v. Concordia Lutheran Theological Seminary*, No. 1:20-CV-293 HAB, 2020 WL 5700745, at *2 (N.D. Ind. Sept. 24, 2020) ("In determining whether to appoint counsel, this Court has typically required a pro se plaintiff to contact at least three attorneys.").

Mr. Henson also meets the second prong of the analysis. The evaluation under this prong involves two, intertwined parts. *Pruitt*, 503 F.3d at 655. The Court must consider the difficulty of the claims and the plaintiff's competence to litigate those claims himself. *Santiago*, 599 F.3d at 761; *Pruitt*, 503 F.3d at 655. "Some of the circumstances that require judicial consideration are the phase of the litigation, if the prisoner has been transferred between facilities, if the claims involved the state of mind of the defendant such as those involving deliberate indifference, and if the case involves complex medical evidence, including expert testimony." *Thomas v. Wardell*, 951 F.3d 854, 860 (7th Cir. 2020).

Here, the phase of litigation—upcoming trial—warrants additional scrutiny. The question is not whether a lawyer would present the case more effectively; "if that were the test, district judges would be required to request counsel for every indigent litigant." *Pruitt*, 503 F.3d at 655. Rather, "the question is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* "The district court must also consider the complexities of the advance stages of litigation when the case has moved past the pleading stage." *Pennewell v. Par.*, 923 F.3d 486, 491 (7th Cir. 2019) (citing *Perez v. Fenoglio*, 792 F.3d 768, 785 (7th Cir. 2015)).

In light of these considerations, the Court will attempt to recruit counsel to represent Mr. Whitlock at trial. Although Mr. Whitlock himself recognizes that this case is not overly complex,

his background, his current situation, and the procedural posture of this case favor the appointment of counsel. In addition, the nature of the claims against Defendants supports Mr. Whitlock's motion. The Seventh Circuit has stated that where a plaintiff's case is a "swearing contest," counsel is "particularly important." *Eagan v. Dempsey*, 987 F.3d 667, 688 n.39 (7th Cir. 2021) (citation and quotation marks omitted). Here, Mr. Whitlock has accused three prison guards of using excessive force against him, which is likely to pit his testimony against theirs, requiring skillful cross-examination. Yet Mr. Whitlock has only a ninth or tenth grade education and has been diagnosed with ADHD. Given that this case will involve credibility determinations, this weighs in favor of appointing counsel.

In addition, Mr. Whitlock's limited education and his ADHD diagnoses corroborate his representation that he has difficulty understanding legal filings. *See Pruitt*, 503 F.3d at 655 ("[T]he judge will normally take into consideration the plaintiff's literacy, communication skills, educational level, and litigation experience."). During this litigation he has had assistance with research and filings but he's no longer able to receive such assistance due to his placement in SCU (Secure Confinement Unit). This placement has also impeded his access to the law library. It also appears that without counsel Mr. Whitlock will have difficulty contacting witnesses. *See James v. Eli*, 889 F.3d 320, 327 (7th Cir. 2018) (noting that as a plaintiff gets closer to trial, he faces an increasingly complex set of demands and district courts must consider whether the litigant is capable of handling them.").

For these reasons, the Court GRANTS Mr. Whitlock's motion for court-recruited counsel (DE 133.) The Court will issue a separate order once an attorney has been identified by the Court.

The Court VACATES the current trial date and the final pretrial conference, subject to being reset once the issue of appointment of counsel is resolved.

SO ORDERED.

ENTERED: October 17, 2025

                                                  /s/ JON E. DEGUILIO  
                                                  Judge, United States District Court